IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:10-CV-186-BR

| | | |
|---|---|---|
| MARY GIBBS, | ) | |
| | ) | |
| .        Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID SMITHERMAN, Individually and | ) | |
| in his Official Capacity as Interim County | ) | |
| Manager of Hyde County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 18) by plaintiff Mary Gibbs ("plaintiff") to compel discovery from defendants David Smitherman, Sharon Spencer, George Thomas Davis, Darlene Styron, Anson Byrd, and Ken Collier ("defendants"). In support of her motion, plaintiff filed several exhibits[1] (D.E. 18-1 through D.E. 18-3). Defendants did not file a response. The motion was referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion will be denied without prejudice.

## BACKGROUND

### I.    Plaintiff's Claims

Plaintiff, an African-American, commenced this employment-related action against defendants in December 2010 (Compl. (D.E. 1)). She alleges that she served as an assistant tax administrator for the county government of Hyde County, North Carolina. (*Id.* ¶ 8). She maintains

---

[1] Plaintiff's motion was not accompanied by a legal memorandum, as required by the Local Civil Rules. Local Civil Rule 7.1(d), E.D.N.C. Notwithstanding this omission, the court elects to consider the motion.

that defendants, present and former members of the Board of Commissioners of Hyde County, North Carolina, stripped her of her duties and titles, denied her pay raises received by other similarly situated employees, and ultimately terminated her on 16 June 2010 on the basis of her race and age. (*Id.* ¶¶ 10, 11, 13, 15). Plaintiff further alleges that defendants induced her to sign an inappropriate release relating to her retirement benefits. (*Id.* ¶ 19). Her complaint includes claims for race discrimination (*id.* ¶¶ 22-26); age discrimination (*id.* ¶¶ 27-31); and retaliation (*id.* ¶¶ 32-35). Plaintiff seeks compensatory damages, injunctive relief, attorney's fees, and other relief. (*Id.* 7 (prayer for relief)). Defendants answered, denying any wrongdoing. (D.E. 5).

## II.    Plaintiff's Discovery Requests

On 12 May 2011, plaintiff served on defendants her first set of requests for production of documents. (*See* Prod. Req.. (D.E. 18-1)). On 6 July 2011, defendants served responses to the document requests. (*See* Resp. to Prod. Req. (D.E. 18-2)). Production request no. 6 seeks the complete personnel files of Hyde County employees who were dismissed in 2010 and later rehired, and production request no. 8 seeks personnel records of all employees hired to work in the Hyde County Tax Department following plaintiff's dismissal. (Prod. Req. Nos. 6, 8). Defendants objected to both requests and referenced N.C. Gen. Stat. § 153A-98, though they noted that no records responsive to request no. 8 exist.

## DISCUSSION

## I.    Applicable Legal Standards

The Federal Civil Rules enable the parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

2

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 provides for motions to compel discovery responses. *Id.* 37(a)(3)(B). Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 7.1(c), E.D.N.C., require that a party filing a motion to compel include a certification that the movant in good faith conferred or attempted to confer with the other party before filing the motion with the court. *See Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with rule requiring certification of good faith efforts to resolve discovery disputes).

## II. Sufficiency of Plaintiff's Motion

In her motion, plaintiff states that it is "[her] understanding that defendants will not actively oppose this motion" and that "it is understood that [defendants] would not object to a court order

3

requiring them" to produce the documents sought. (Mot. 2). But the motion stops short of definitively stating that defendants have informed plaintiff that they do not oppose the relief sought. Indeed, the motion does not even certify that plaintiff's counsel has conferred with defendants' counsel in an attempt to resolve the dispute in good faith without court intervention, as required. The court is not willing to accept defendants' failure to file a response as establishing their lack of any objection to the motion given the apparent privacy interests of the employees relating to the documents sought. Moreover, plaintiff makes no mention of any measures to protect the apparent confidentiality of information in the documents.

The motion to compel will therefore be denied without prejudice. Any renewed motion shall be filed by 23 November 2011 and shall contain the required certification of consultation with opposing counsel. The motion shall address, and counsel shall include in their discussions, the issue of the extent to which information in the documents sought merits protection as confidential. Assuming, as seems evident, that protection is warranted, the parties shall file jointly by 23 November 2011 a proposed protective order. Defendants shall file a response to any renewed motion to compel within 14 days after it is served, unless the motion definitively states that defendants consent or do not object to the relief sought and agree with plaintiff's position on the confidentiality of information in the documents sought. Any response shall include an explanation of defendants' position on the confidentiality issue.

## CONCLUSION

For the reasons and on the terms set out above, plaintiff's motion to compel (D.E. 18) is denied without prejudice.

4

SO ORDERED, this 3 day of November 2011.

James E. Gates
United States Magistrate Judge